Argued September 8; affirmed October 4, 1932

## YORK *v.* WESTERN SAVINGS & LOAN ASSOCIATION ET AL.

(14 P. (2d) 1003)

See 26 R. C. L. 1038 (8 Perm. Supp., 5833).

*F. M. Phelps,* of Portland (Phelps & Burdick, of Portland, on the brief), for respondent.

*Lamar Tooze,* of Portland (Jaureguy & Tooze and Barnett H. Goldstein, all of Portland, on the brief), for appellants.

KELLY, J. Defendant, Western Savings & Loan Association, was incorporated under the statute authorizing the incorporation of building and loan associations. At the time of the trial in the circuit court, defendant, James W. Mott, as corporation commissioner, had become the statutory receiver of said build- and loan association.

The defendant, Western Financial Service Corporation, was incorporated under the general laws of Oregon, authorizing the incorporation of corporations. At the time of the trial, defendant, O. S. Crocker, had become trustee in bankruptcy of said last named corporation.

Error is assigned as follows:

1. In admitting in evidence certain statements of account together with testimony that one or the other of said defendant corporations had paid the same.

2. In overruling defendants' motion for nonsuit.

3. In permitting plaintiff to elicit from a witness, who had been the secretary of both defendant corporations, testimony as to the personnel of their respective boards of directors; and as to payments made by both said corporations of accounts incurred by plaintiff in the course of the performance of the services constituting the basis of plaintiff's case.

4. In overruling defendants' motion for directed verdict.

5. And in giving an instruction on estoppel.

■ It is argued that in order to render the statements of account admissible they should have been accompanied by testimony showing which particular defendant paid them. This question bears more upon the order of proof and the effect and value of the testimony than upon its admissibility.

Plaintiff claims that both corporate defendants employed him. These corporate defendants had the same person for president and likewise one individual was secretary of both corporations. The latter was present in court during the trial and testified in behalf of defendants. We hold that if error was committed in receiving these statements of account, such error was rendered harmless by subsequent testimony showing that some of the accounts were paid by one defendant and some by the other.

■ So, too, with regard to the action of the court in overruling defendants' motion for nonsuit. If error was thereby committed, it was likewise cured by the subsequent introduction of undisputed testimony as to the personnel of the boards of directors of said corporate defendants and that said board of directors of the corporate defendants knew of the services performed by plaintiff.

■■ As stated, the action of the court in receiving the testimony as to the personnel of the boards of directors, their knowledge of plaintiff's services and the payment of the accounts received by plaintiff in the performance of his services is assigned as error.

The error consisted in permitting plaintiff to elicit this testimony from defendants' witness upon cross-examination.

. There is nothing in the record indicating that defendants or either of them doubted the accuracy or truth of the testimony. Defendants did not ask for an

opportunity to deny or modify it. In this view of the record, no reversible error was committed in overruling defendants' motion for a directed verdict.

The position of defendants in that regard is that in the order of proof and likewise in the method of its presentation plaintiff did not observe the accredited and approved rules of procedure; and hence, without regard to its truth or falsity, plaintiff should be required to present his claim again to the trial court for consideration.

5. Technically, the instruction of the court, which correctly declares the law of estoppel, is applicable only to those cases where estoppel has been pleaded, but, as we construe the record, a reversal would not be justified on that account.

We think that no good purpose would be served by remanding this case for retrial. The whole testimony and the instructions of the court accompany the bill of exceptions. The constitution of this state provides that when the record is thus replete, if, upon consideration of the record, this court shall be of the opinion that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed notwithstanding any error committed during the trial. We are of that opinion in this case, and, hence, the judgment of the circuit court is affirmed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.